## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>       Plaintiff,<br><br>  v.<br><br>WALMART STORES, INC. and<br>TARGET CORPORATION,<br><br>      Defendants. | Civil Action No. 08-Civ-0058<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |
| JAY FRANCO & SONS, INC.,<br><br>       Plaintiff,<br><br>  v.<br><br>CLEMENS FRANEK,<br><br>      Defendant. | Civil Action No. 08-Civ-1313<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |

## PLAINTIFF JAY FRANCO & SONS, INC.'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page(s)**

I.  FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

    A.  Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

    B.  U.S. Trademark Registration No. 1,502,261 . . . . . . . . . . . . . . . . . . . . . . .1

II.  Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  Trademark and Trade Dress Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.  Functional Trademarks and Trade Dress are Invalid . . . . . . . . . . . . . . . . 4

    D.  Utility Patents Provide Weighty if Not Conclusive
        Evidence of Utilitarian Advantages and
        of Functionality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.  Jay Franco is Entitled to Summary Judgment as a Matter
        of Law Because Utility Patents Not Considered by the
        PTO during the Prosecution of Franek's U.S. Trademark
        Registration No. 1,502,261 Disclose, Claim, and
        Illustrate the Functional and Utilitarian Advantages
        of the Same Circular Configuration Claimed in
        Franek's U.S. Trademark Registration No. 1,502,261
        for the Round Towel Mark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.  Franek's Own Advertisements and Admissions Have
        Touted the Utilitarian and Functional Advantages
        of the Circular Configuration Claimed in Franek's
        U.S. Trademark Registration No. 1,502,261 for
        the Round Towel Mark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C.    Jay Franco is Entitled to Summary Judgment as a
      Matter of Law Because it is Impossible for Franek
      to Carry His Burden of Proving that the Circular
      Configuration Claimed in His U.S. Trademark
      Registration No. 1,502,261 is Not Functional . . . . . . . . . . . . . . . . . . . . . 12

D.    Even If This Court Fails to Find that Franek's
      Round Towel Mark is Functional, Jay Franco
      is Still Entitled to Summary Judgment as a Matter
      of Law Because Franek's Registered Trademark for
      the Round Towel Mark is an Improper Restriction of
      Jay Franco's Constitutional Right to Copy under
      the Patent Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Berlin Packaging, LLC v. Stull Technologies, Inc.*, 381 F.Supp.2d
    792 (N.D. Ill. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 6

*Best Lock Corp. v. Schlage Lock Co.*, 413 F.2d 1195 (CCPA 1969) . . . . . . . . . . . . . . 9, 10

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141 (1989) . . . . . . . . . . .14, 15

*CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660 (7th Cir.2001) . . . . . . . . . . . . . . . . . .4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) . . . . . . . . . . . .15

*Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002 (9th Cir.1998) . . . . . . . . . . 5, 7

*Eco Mfg. LLC. v. Honeywell Intern., Inc.* 357 F3d 649 (7th Cir.2003) . . . . . . . . . . 4, 5, 7, 12

*Epic Metals Corp. v. Souliere*, 99 F.3d 1034 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . 3

*In re Application of Shenango Ceramics, Inc.*, 362 F.2d 287 (CCPA 1966) . . . . . . . . . . . . .14

*In re Morton-Norwich Prods., Inc.*, 671 F.2d 1332 (CCPA 1982) . . . . . . . . . . . . . . . . . . . 5

*Kellogg v. National Biscuit Co.*, 305 U.S. 111 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . .15

*Kohler Co. v. Moen Inc.*, 12 F.3d 632 (7th Cir. 1993) . . . . . . . . . . . . . . . . .1, 2, 12, 13, 15

*Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159 (1995) . . . . . . . . . . . . . . . . . 13

*Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249 (1945) . . . . . . . . . . . . . . . . . . . . . . 14

*Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964) . . . . . . . . . . . . . . . . . . . . . . .15

*Specialized Seating, Inc. v. Greenwich Industries, L.P.*,
    472 F.Supp.2d 999 (N.D. Ill. 2007),
    *appeal docketed*,
    No. 07-1435 (7th Cir. Feb. 27, 2007) . . . . . . . . . . . . . . . .3, 4, 5, 6, 7, 8 , 9 ,10, 12

*Talking Rain Beverage Co. Inc. v. South Beach Beverage Co.*,
    349 F.3d 601 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Thomas & Betts v. Panduit Corp.,* 138 F.3d 277, 284 (7th Cir.1998) . . . . . . . . . . . . . . .3

*TrafFix Devices v. Mktg. Displays,* 532 U.S. 23 (2001) . . . . . . . . . . .4, 5, 6, 7, 8, 9, 12, 13

*Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763 (1992) . . . . . . . . . . . . . . . . . . . . . .3

## **Statutes and Rules**

15 U.S.C. § 1064 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 1065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 1115. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 12

15 U.S.C. § 1119 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1125(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TMEP § 1202.02(a)(iii) (4th Ed.2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Federal Rule of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Article I, § 8, cl. 8 of the U.S. Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

A "**horrible example[] of... [a] federal trademark registration**.... consists of what appears to be a simple white disc. This product is a **round beach towel**, which has been granted registration as a trademark on the Principal Register. The registrant presumably has a monopoly on the production of beach towels that are round. Other registrations (and monopolies) may follow for triangular beach towels, trapezoidal beach towels or whatever."

> – *Kohler Co. v. Moen Inc.*,
> 12 F.3d 632, 647 (7th Cir. 1993)
> (Cudahy, J.)(emphasis added).

## I.    FACTUAL BACKGROUND
### A.    Statement of the Case

Plaintiff Jay Franco & Sons, Inc. ("Jay Franco") has brought this suit against Defendant Clemens Franek ("Franek") pursuant to 28 U.S.C. § 2201 for a declaration that Jay Franco's use of alleged trade dress for a round beach towel does not infringe any valid trademarks or trade dress allegedly owned by Franek, and pursuant to 15 U.S.C. § 1119 for an order cancelling Franek's U.S. Trademark Registration No. 1,502,261 for the exact same round beach towel (sometimes referred to hereinafter as the "Round Towel Mark") described above by Judge Cudahy.

Franek had previously sued Jay Franco's retailers Walmart Stores, Inc. ("Walmart") and Target Corporation ("Target") for trademark infringement, false designation of origin, and violations of the Illinois State Law Deceptive Practices Act based on their sale of Jay Franco's round beach towels. Because Jay Franco had agreed to indemnify Walmart and Target in the lawsuit filed by Franek and because Jay Franco was not named as a party in that action, Jay Franco sued Franek for declaratory judgment in a separate action. The two actions have been consolidated by this Court.

### B.    U.S. Trademark Registration No. 1,502,261

Franek has alleged that Jay Franco's, Walmart's, and Target's use and sale of round beach towels infringe Franek's trademark rights to U.S. Trademark Reg. No. 1,502,261. The mark depicted

in Franek's trademark registration consists simply of "a simple white disc for the round configuration of a beach towel" as confirmed by Judge Cudahy. *See Kohler*, 12 F.3d at 647.

Franek's trademark registration was originally applied for by Franek's former company CLM Design, Inc. ("CLM")(d/b/a Son International, Inc. or Sons, Inc.) in 1986. On July 1, 1994, CLM was dissolved. However, U.S. Trademark Registration No. 1,502,261 indicates that on July 2, 2007, a nunc pro tunc assignment was recorded transferring the rights of said trademark registration from the then dissolved CLM to Defendant Franek. Nevertheless, Franek now alleges to be the rightful owner of U.S. Trademark Registration No. 1,502,261.

Jay Franco contends that the round beach towel depicted in Franek's trademark registration (U.S. Reg. No. 1,502,261) is invalid and unenforceable because it is **functional**. Specifically, the round towel shape of Franek's round towel trademark registration is claimed, disclosed, and shown as **functional** in various active and expired **utility patents**, including U.S. Utility Patent Nos. 2,803,845 ("the '845 utility patent"); 3,660,861 ("the '861 utility patent"); 4,794,029 ("the '029 utility patent"); 4,991,978 ("the '978 utility patent"); and French Utility Patent No. 2,399,229 ("the '229 French Utility Patent"). Furthermore, Jay Franco contends that Franek's former company, CLM, used **advertisements** that tout the functionality of Franek's Round Towel Mark. (See Plaintiff Jay Franco & Sons, Inc.'s Rule 56.1(a)(3) Statement of Material Facts as to Which There is No Genuine Issue in Support of its Motion for Partial Summary Judgment ("SOF") submitted herewith.)

## II.    LEGAL STANDARDS
### A.    Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a moving party is entitled to summary

judgment as a matter of law, if the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B.    Trademark and Trade Dress Law

In order to prove trademark or trade dress infringement under the Lanham Act, a claimant must establish the following three elements: (1) that its trademark or trade dress is primarily non-functional; (2) that its overall image has acquired distinctiveness through secondary meaning; and (3) that the similarity of the non-claimant's trademark or trade dress causes a likelihood of confusion as to the source or affiliation of the product. *See Berlin Packaging, LLC v. Stull Technologies, Inc.*, 381 F.Supp.2d 792, 797 (N.D. Ill. 2005), *citing Thomas & Betts v. Panduit Corp.*, 138 F.3d 277, 284 (7th Cir.1998); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769-72 (1992) (eliminating the distinction between trade dress and trademark). "[Since] all three elements are necessary for a finding of [trademark or] trade dress infringement, any one could be characterized as threshold." *Epic Metals Corp. v. Souliere*, 99 F.3d 1034, 1039(11th Cir. 1996).

When a trademark or trade dress is federally registered, the Lanham Act provides the registered trademark or trade dress owner with the benefit of a rebuttable presumption of the mark's validity. 15 U.S.C. § 1115(a); *Specialized Seating, Inc. v. Greenwich Industries, L.P.*, 472 F.Supp.2d 999, 1009 (N.D. Ill. 2007), *appeal docketed*, No. 07-1435 (7th Cir. Feb. 27, 2007). However, "the presumption of validity that federal registration confers... evaporates as soon as evidence of invalidity is presented." *Berlin Packaging*, 381 F.Supp.2d at 801. Accordingly, when evidence is presented that a registered trademark or trade dress is functional, the presumption of validity of the registered trademark is destroyed. *See Specialized*, 472 F.Supp.2d at 1009 ("Even when a registered trademark has become 'incontestable' under 15 U.S.C. § 1065, the registered mark may still be subject to

3

cancellation if found to have been obtained fraudulently, to have become generic, to have been abandoned, or to be **functional**."), *citing* 15 U.S.C. §§ 1064; 1115; and *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673 (7th Cir.2001) (emphasis added).[1] Therefore, if it is established that an incontestable, registered trademark or trade dress is functional, there is no the presumption of validity of the registered trademark or trade dress, and it is subject to cancellation.

### C.    Functional Trademarks and Trade Dress are Invalid

"If a purported trademark or trade dress is determined to be functional, the purported trademark or trade dress is **not** given protection under the Lanham Act, and the court would not need to consider the secondary meaning of the product design and likelihood of confusion because the trademark or trade dress would be invalid." *See Specialized*, 472 F.Supp.2d at 1010, *citing TrafFix Devices v. Mktg. Displays,* 532 U.S. 23, 26 (2001)(emphasis added).[2]

The Supreme Court has ruled that a trademark or trade dress is functional "when [a] it is essential to the use or purpose of the device *or* [b] when it affects the cost or quality of the device." *TrafFix*, 532 U.S. at 33(emphasis added).[3]

---

[1] In 1998 Congress passed the Trademark Law Treaty Implementation Act, which specifically added **functionality** to the list of possible challenges to the validity of an incontestably registered trademark. 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §7:84 (4th ed. 2004) (*citing* 1998 - Pub. L. 105-330, 112 Stat. 3064) (emphasis added).

[2] The Supreme Court stated in *TrafFix*:

The Lanham Act does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity. The Lanham Act, furthermore, does not protect trade dress in a functional design simply because an investment has been made to encourage the public to associate a particular functional feature with a single manufacturer or seller.

*Specialized*, 472 F.Supp.2d at 1010, *quoting TrafFix*, 532 U.S. at 35-36).

[3] In *Eco Mfg. LLC. v. Honeywell Intern., Inc.*,, the Seventh Circuit proposed "three [3] possibilities in which a round thermostat" depicted in Honeywell's trademark registration could have been found to be functional and thus, denied trademark protection: "First, rectangular [thermostats]...

To help determine if a "product feature is functional," the Northern District of Illinois has considered the following five factors: (1) the existence of a utility patent, expired or unexpired, that involves or describes the functionality of an item's design element; (2) the utilitarian properties of the items's unpatented design elements; (3) advertising of the item that touts the utilitarian advantages of the item's design elements; (4) the dearth of, or difficulty in creating, alternative designs for the item's purpose; (5) the effect of the design feature on an item's quality or cost. *Specialized*, 472 F.Supp.2d at 1011; *TrafFix*, 532 U.S. at 32; *see also Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir.1998).[4]

"If a party challenging the validity of trademark or trade dress establishes functionality, the challenging party need not also demonstrate that the trade dress or trademarked product configuration at issue is a competitive necessity due to lack of alternative designs." *Specialized*, 472 F.Supp.2d at 1010, *citing TrafFix*, 532 U.S. at 32-33; and TMEP § 1202.02(a)(iii)(A) (4th Ed.2005). That is, once

---

may clash with other architectural or decorative choices.... Second, round thermostats... may reduce injuries... caused by running into protruding sharp corners. Third, people with arthritis or other disabilities may find it easier to set the temperature by turning a large [round] dial (or the entire outer casing of the device) than by moving a slider or pushing buttons on boxes." 357 F.3d 649, 654 (7th Cir. 2003)(affirming denial of preliminary injunction to Honeywell, the owner of an incontestable registration for a **round shaped** thermostat). The court held that these three proposed functions of the round shape of the thermostat need only be useful functions. *Id.* They need not be "essential" to the functioning of the thermostat. *Id.* The court reasoned that "*TrafFix* rejected an equation of functionality with necessity; **it is enough that the design be useful.**" *Honeywell* at 654-55, *quoting TrafFix*, 532 U.S. at 33 (emphasis added). *TrafFix* requires "that a feature is functional if it is essential to the design *or* it affects the article's price or quality." *Id.*

Analogously, the functional aspects of the round shape of Franek's beach towel need not be "essential" or necessary to the functioning of the beach towel. It is sufficient that the functional aspects of the round shape of Franek's beach towel simply be "useful," for instance, by permitting sunbathers to reposition themselves on the round towel without having to reposition the towel. *See infra.*

[4] As of June 2002, The United States Patent and Trademark Office ceased its reliance on the distinctions of "de facto" and "de jure" functionality as formulated in *In re Morton-Norwich Prods., Inc.*, 671 F.2d 1332, 1341 (CCPA 1982) to determine the functionality of a trademark or trade dress. *See Specialized Seating*, 472 F.Supp.2d at 1011 n.8, *citing* TMEP § 1202.02(a)(iii)(B) (4th Ed.2005). The TMEP was revised in June 2002 to reflect the different standard for functionality being applied by the Supreme Court. *Id.*

the functionality of a trademark or trade dress has been established '[t]here is no need ... to engage...

in speculation about other design possibilities....' *Talking Rain Beverage Co. Inc. v. South Beach*

*Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003), *citing TrafFix*, 532 U.S. at 33-34 (Because the dual-

spring design is functional, "competitors need not explore whether other spring juxtapositions might

be used."). The existence of alternative designs cannot negate a trademark's functionality. *Id.*, *citing*

*TrafFix*, 532 U.S. at 34.

Furthermore, the Supreme Court stated in *TrafFix* that if a device is functional, there is no

need to determine whether the design has acquired secondary meaning. *See Berlin Packaging*, 381

F.Supp.2d at 801, *citing TrafFix*, 532 U.S. at 33 ("Functionality having been established, whether

... [the] dual-spring design has acquired secondary meaning does not need to be considered.").

### D.    Utility Patents Provide Weighty if Not Conclusive Evidence of Utilitarian Advantages and of Functionality.

The Supreme Court has held that "a utility patent is strong evidence that the features therein

claimed are functional." *Traffix*, 532 U.S. at 29 (holding that the dual spring design of the plaintiff's

alleged trade dress was **functional** and incapable of trade dress protection specifically because the dual

spring design was disclosed and claimed in a utility patent)(emphasis added). In fact, the existence

of a **utility patent creates a presumption that the claimed features in a trademark registration**

**are functional**. *See Specialized*, 472 F.Supp.2d at 1010, *citing TrafFix*, 532 U.S. at 29.

"It is proper to look to all aspects of a utility patent[5] – the disclosure, the claims and the

prosecution history – for evidence of the functionality of a shape." 1 J. Thomas. McCarthy, *McCarthy*

---

[5] A functional **utility patent is strong evidence of functionality regardless of who owns or owned the patent**. 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §7:89.30, n.12 (4th ed. 2008)(emphasis added). In addition, **whether the utility patent in evidence is active or has expired, is of no significance to its evidentiary weight as to the functionality of the configuration at issue**." *Id.* at n.21(emphasis added).

*on Trademarks and Unfair Competition* §7:89.30, n.10 (4th ed. 2008); *TrafFix*, 532 U.S. at 32, 34.

"The Trademark Board has held that each embodiment of the invention described in a utility patent is equally functional for purposes of trademark law." *Id.* at n.11.[6]

Yet, **where a utility patent specifically __claims__ the product configuration in question**, "one who seeks to establish trade dress protection must carry the **heavy burden** of showing that the [product configuration]... is not functional, for instance by showing that it is merely an ornamental, incidental, or arbitrary aspect of the device." *See Specialized*, 472 F.Supp.2d at 1011, *citing TrafFix*, 532 U.S. at 29-30.[7]

## III.    ARGUMENT

### A.    Jay Franco is Entitled to Summary Judgment as a Matter of Law Because Utility Patents Not Considered by the PTO during the Prosecution of Franek's U.S. Trademark Registration No. 1,502,261 Disclose, Claim, and Illustrate the Functional and Utilitarian Advantages of the Same Circular Configuration Claimed in Franek's U.S. Trademark Reg. No. 1,502,261 for the Round Towel Mark.

At least five (5) utility patents, including the '845, '861, '029, and '978 U.S. utility patents

---

[6] However, for the disclosure of a utility patent to evidence functionality, the utilitarian advantage of a product feature does not have to be explicitly stated in the patent. For example, in *Disc Golf*, the Ninth Circuit found that the alleged trade dress for the "parabolic shape" of a basket of hanging chains (which served as a target to catch a flying disc in a game of "Disc Golf") was functional in view of a utility patent. Even though the utility patent did not explicitly mention the specific "parabolic shape" of the product being sold, the court reasoned that it was sufficient that the specific "parabolic shape" necessarily resulted from the hanging chain structure disclosed in the patent's specification and from the "parabolic shape" shown in the patent drawings. *See* 1 J. Thomas. McCarthy, *McCarthy on Trademarks and Unfair Competition* §7:89.30, n.8 (4th ed. 2008), *discussing Disc Golf*, 158 F.3d 1002.

[7] "The hood ornament on a Mercedes, or the four linked rings on an Audi's grille, would exemplify 'an ornamental, incidental, or arbitrary aspect of the device' that could survive as a trademark if they once had been included within a **patented part of the auto**." *Honeywell Intern., Inc.*, 357 F.3d at 653 (emphasis added), *quoting TrafFix*, 532 U.S. at 34.

and the '229 French utility patent[8] were not considered by the PTO during the prosecution of Franek's trademark registration. They each claim, disclose, and show the functionality of the same circular towel configuration as depicted in Franek's U.S. Trademark Reg. No. 1,502,261.

The '845, '861, '029, and '978 U.S. utility patents all explicitly claim the same circular configuration of a round towel that is the subject of Franek's trademark registration. Specifically, the '029 utility patent claims a "towel [that] is circular in shape," with the presumptive utilitarian purpose of permitting "a user while sunbathing... [to] reposition his or her body towards the changing angle of the sun while the towel remains stationary."(SOF ¶35) The '845 utility patent entitled "Circular Towel" claims a "towel" with a "circular fabric body."(SOF ¶29) The '978 utility patent claims a "circular, fabric towel element."(SOF ¶42) The '861 utility patent entitled "Combination Round Towel and Holder" claims a "circular towel."(SOF ¶47) Thus, claimed circular towel configurations in the '845, '861, '029, and '978 U.S. utility patents create a **presumption of the functionality of a round or circular towel** under *TrafFix*. That is, "under the Supreme Court's decision in *TrafFix*," the circular towel configuration claimed in these utility patents is "presumptive evidence of [the] functionality" of the same circular towel configuration that is the subject of Franek's trademark registration for the Round Towel Mark. *Specialized*, 472 F.Supp.2d at 1012, *citing TrafFix*, 532 U.S. at 29-30.

In addition to the presumption of functionality resulting from the aforementioned utility patents' claims, the specifications and drawings of these utility patents provide evidentiary support for a finding of functionality with regard to the circular towel configuration that is the subject of Franek's

---

[8] Although this case is clearly not governed by French Patent Law, French Utility Patent No. 2,399,229 serves as strong evidence of the functionality of Franek's U.S. Trademark Reg. 1,502,261. The U.S. Supreme Court in *TrafFix* did not limit the strong evidence of functionality that utility patents provide to only U.S. utility patents. 532 U.S. at 29.

alleged trademark registration for the Round Towel Mark. *See Specialized*, 472 F.Supp.2d at 1012. In addition to claiming the functional advantages of the circular shape of the claimed towel as shown in Figure 1, the specification of the '029 utility patent describes the functional advantages of the circular shape of the claimed towel over conventional rectangular shaped towels – permitting sunbathers to "reposition[]... [their] bod[ies] toward the changing angle of the sun while the towel remains stationary."(SOF ¶¶33-36) The '845 utility patent entitled "Circular Towel" shows in Figure 1 and explicitly describes in the specification the functional advantages of the circular configuration of the claimed towel – "provid[ing] a relatively large area of toweling for use by small children."(SOF ¶¶26-32) The '978 utility patent shows in Figure 2 and explicitly describes in the specification the functional advantages of the circular configuration of the claimed towel – " provid[ing] a towel for drying purposes or to be laid on the beach for sunning purposes."(SOF ¶¶40-43) The '861 utility patent entitled "Combination Round Towel and Holder" explicitly describes in the specification the dual functional advantages of the circular configuration of the claimed towel: (a) permitting a towel which is decorated on only one side "to be suspended from a hanger [from its geometric center]" without detracting from the decorative appearance of the towel, and (b) "[permitting the towel] to be able to be suspended from a minor area portion such that it can remain attached to a hanger leaving the major portion of the towel area for use in drying hands."(SOF ¶¶44-48) The '229 French utility patent shows in Figure 1 and explicitly describes in the specification the functional advantages of the circular configuration of the disclosed circular towel – "hav[ing] the shortest possible hanging length."(SOF ¶¶37-39)

By way of further illustration, before *TrafFix* was decided, the Court of Customs and Patent Appeals (the predecessor of the Federal Circuit) in *Best Lock Corp. v. Schlage Lock Co.*, 413 F.2d 1195 (CCPA 1969), affirmed a summary judgment ruling which denied the registration of a "figure

eight" lock configuration as a trademark. The court reasoned that the "figure eight" design was not

registrable as a trademark because its functional advantages were previously disclosed in the drawings,

claims, and specification of a then expired utility patent. Shown below on the left is the "figure eight"

mark for which trademark registration was denied and on the right is the "figure eight"lock as depicted

in the expired utility patent:

                                 

Analogously, shown below on the left is Franek's trademark registration for the Round Towel Mark

and on the right is the same circular towel configuration claimed and disclosed as functional in the

expired '845 utility patent as shown in Fig. 1.(SOF ¶¶5 and 26-32)

                                 

Had the U.S. Trademark Office been advised of the expired '845 utility patent during the prosecution

of Franek's alleged Round Towel Mark., it would have denied registration of Franek's trademark just

as the court did in *Best Lock*. *Id.*

Accordingly, the same round or circular towel configuration that is the subject of Franek's

trademark registration is clearly denoted as utilitarian and functional in the aforementioned utility

patents. The round or circular towel configuration that is the subject of Franek's trademark registration

is therefore **presumptively functional**. *See Specialized*, 472 F.Supp.2d at 1012-13.

**B.** **Franek's Own Advertisements and Admissions Have Touted the Utilitarian and Functional Advantages of the Circular Configuration Claimed in Franek's U.S. Trademark Registration No. 1,502,261 for the Round Towel Mark.**

Numerous advertisements for the **SONSPOT** round beach towel (the commercial embodiment of Franek's alleged Round Towel Mark) attributable to Franek's company CLM Design, Inc. ("CLM"), d/b/a Son International, Inc. or Sons, Inc., have touted the utility and functionality for the same round shape for a beach towel that Franek later sought to register as a trademark (U.S. Trademark Reg. No. 1,502,261). These advertisements explicitly state that the round shape of the **SONSPOT** beach towel _functionally_ permits sunbathers to reposition their bodies on the round towel in order to get direct tanning exposure from the sun (as its position in the sky changes throughout the course of the day) without having to reposition the towel.(SOF ¶¶54-67) In fact, the founders of CLM d/b/a Son International, including its president, Clemens Franek, and vice president in charge of publicity and marketing, Woodrow "Woody" Harrelson, have explicitly admitted this exact same _functional_ purpose for the round shape of the beach towel depicted in Franek's U.S. Trademark Reg. No. 1,502,261.(SOF ¶¶66-70) By exalting the utility of the round shape of its beach towels, Franek himself, his company, as well as one of its vice presidents have all provided evidentiary support for the functional nature of Franek's registered trademark. _Id._ at 1014.

Notably, the _functional_ purpose for the round or circular shape of the beach towel explicitly stated in CLM's advertisements and as admitted by its founders is the exact same functional purpose for the circular or round shaped beach towel claimed in the '029 utility patent – "[the] circular... shape [of the towel permits] a user while sunbathing... [to] reposition his or her body towards the changing angle of the sun while the towel remains stationary."(SOF ¶¶54 and 70)  This strongly confirms that Franek's trademark registration for the Round Towel Mark is presumptively functional.

**C.**     **Jay Franco is Entitled to Summary Judgment as a Matter of Law Because it is Impossible for Franek to Carry His Burden of Proving that the Circular Configuration Claimed in His U.S. Trademark Registration No. 1,502,261 is Not Functional.**

Jay Franco has provided overwhelming evidence in the form of utility patents, advertisements, and admissions made by Franek himself that proves the functionality of the round beach towel configuration depicted in Franek's U.S. Trademark Reg. No. 1,502,261. In addition, Jay Franco's submitted evidence proving the functionality of the round beach towel configuration depicted in Franek's U.S. Trademark Reg. No. 1,502,261 equally proves the functionality of any trade dress rights that Franek may claim to the round beach towel configuration under **state or common law**. *See id.* at 1014-15, *quoting* 15 U.S.C.§§ 1115(a); 1125(a)(3)(both registered and common law trademarks may be found invalid if found to be functional); *see also Honeywell*, 357 F.3d at 651-52 (an "incontestible" registered trademark may still be found invalid if functional). As such, Jay Franco has effectively rebutted the presumption of validity of Franek's alleged trademark registration. Accordingly, Franek must carry the **heavy burden** of proving that his round beach towel configuration is not functional by showing for instance, that it is "merely an ornamental, incidental, or arbitrary aspect of the device." *Id.* at 1011, 1014, *citing TrafFix*, 532 U.S. at 34. However, **Franek cannot carry this burden**.

The only configuration depicted in Franek's trademark registration is a simple white disc for the round configuration of a beach towel. *See Kohler*, 12 F.3d at 647. (SOF ¶5) Jay Franco has established that this configuration is functional because numerous utility patents, advertisements, as well as Franek's own admissions prove that it is useful and functions (at least) to permit sunbathers to reposition their bodies on the round towel without having to reposition the towel. Accordingly, the round beach towel configuration depicted in Franek's alleged trademark registration cannot be considered to be an "arbitrary flourish in the configuration" (of Franek's **SONSPOT** beach towel)

because its round shape is the reason it works.  *See TrafFix*, 532 U.S. at 33-34 ("The dual-spring design is not an arbitrary flourish in the configuration of MDI's product; it is the reason the device works. Other designs need not be attempted.").

Although alternate designs need not be considered, there are a limited number of shapes for beach towels that can perform the function(s) of Franek's round shaped beach towel – (at least) permitting sunbathers to reposition their bodies (toward the changing angle of the sun) while the towel remains stationary.  Giving trade dress or trademark protection to each shaped beach towel that has a particular function related to its shape would limit the market place and consumer use to only a limited number of towel manufacturers. *See Specialized*, 472 F.Supp.2d at 1015. In fact, Judge Cudahy contemplated this exact scenario in *Kohler*: "Other registrations (and monopolies) may follow for triangular beach towels, trapezoidal beach towels or whatever." 12 F.3d at 647.  Thus, giving Franek trade dress or trademark protection would provide Franek with an indefinite monopoly on his round beach towel configuration which is functional.  "The trademark laws were never intended to allow an indefinite monopoly over functional products." *Specialized*, 472 F.Supp.2d at 1015, *citing  Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 164 (1995).

**D.**    **Even If This Court Fails to Find that Franek's Round Towel Mark is Functional, Jay Franco is Still Entitled to Summary Judgment as a Matter of Law Because Franek's Registered Trademark for the Round Towel Mark is an Improper Restriction of Jay Franco's Constitutional Right to Copy under the Patent Law.**

Article I, § 8, cl. 8, of the U.S. Constitution grants Congress the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." "Th[is] Clause contains both a grant of power and certain limitations upon the exercise of that power. Congress may not create patent monopolies of unlimited duration, nor may it 'authorize the issuance of patents whose effects are to

remove existent knowledge from the public domain, or to restrict free access to materials already available.'" *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 146 (1989).

To this end, "when [a utility] patent expires," "[a] feature that is the subject of [the] utility patent goes into the public domain." *In re Application of Shenango Ceramics, Inc.*, 362 F.2d 287, 292 (CCPA 1966)(citations omitted). "Such a feature [is] free to be used by any person, [and] cannot be a 'trademark (a 'symbol, or device,' section 45) by which the goods of the applicant may be distinguished,'" *id.*, regardless of whether the feature was disclosed as "functional" in the expired patent.

In this case, the '845 utility patent entitled "Circular Towel" discloses, claims, and shows the same circular configuration of a round towel that Franek later registered as a trademark. The '845 utility patent entitled "Circular Towel" was filed on June 14, 1954, was granted on August 27, 1957, and expired seventeen (17) years later on August 27, 1974. On October 29, 1986, approximately twelve (12) years after the **expiration** of the '845 utility patent, Franek's company CLM sought to register the same circular towel configuration as a trademark (the "Round Towel Mark") that was claimed, disclosed, and shown to be functional in the '845 utility patent. (SOF ¶¶49-53)

When the '845 patent expired, the circular towel configuration claimed, disclosed, and shown therein went into the public domain, and it could not thereafter function as a trademark. *Shenango*, 362 F.2d at 292. [9] That is, once the '845 patent expired, the claimed circular towel as precisely shown in the '845 patent belonged to the public regardless of whether the circular towel configuration was "functionally" disclosed in this patent. Therefore, when the '845 patent expired, anyone including Jay

---

[9]"[A] patentee may not exclude the public from participating in the good will or secure, to any extent, a continuation of his monopoly by resorting to trademark law and registering as a trademark any particular descriptive matter appearing in the specifications, the drawings, or claims of the expired patent, whether or not such matter describes essential elements of the invention or claims." *Scott Paper Co. v. Marcalus Mfg. Co.*, 326 U.S. 249, 256 (1945).

Franco was free to copy and sell circular towels, unhindered by the exclusionary restraints of patent or trademark protection. (SOF ¶¶49-53). *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-34 (2003), *quoting Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230(1964)(Once the patent has expired, the right "to make it in precisely the shape it carried when patented – passes to the public."); *Kellogg v. National Biscuit Co.*, 305 U.S. 111, 116 (1938)("there passed to the public upon expiration of the [utility] patent... the right to make the article as it was made during the patent period."); *Bonito Boats*, 489 U.S.at 165 ("For almost 100 years it has been well established that in the case of an expired patent, the federal patent laws do create a federal right to 'copy and use.'"). It therefore follows, that Franek should not have been able to later obtain a trademark registration for the very same circular towel configuration that had previously gone into the public domain when the '845 patent expired.  Accordingly, Franek's trademark registration should be cancelled as a matter of law.

## IV.   <u>CONCLUSION</u>

If this Court refuses to cancel what a Seventh Circuit Judge described as "a horrible federal trademark registration" – Franek's trademark registration for the round beach towel – it would not only be allowing Franek to maintain an indefinite monopoly on the production of a functional product in contravention of **trademark law**, but it would also be depriving the public from practicing an invention that is now part of the public domain in contravention of **patent law**.  This cannot be permitted.  The alternative would be absurd to contemplate – trademark registrations for "triangular beach towels, trapezoidal beach towels or whatever." *See Kohler*, *supra* 647.  Thus, Jay Franco's partial motion for summary judgment should be granted as a matter of law.

Dated: May 16, 2008                                Respectfully submitted,


By: _____
Ezra Sutton
EZRA SUTTON, P.A.
900 Route 9, Suite 201
Woodbridge, New Jersey 07095
(732) 634-3520 - Office
(732) 634-3511 - Fax

*On the brief:*
Ezra Sutton                                        Attorney for Plaintiff
Anthony M. Morano                                  Jay Franco & Sons, Inc.


16