UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEMENS FRANEK,<br><br>  Plaintiff,<br><br>v.<br><br>WALMART STORES, INC. and TARGET CORPORATION,<br><br>  Defendants. | Civil Action No. 08-Civ-0058<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |
| JAY FRANCO & SONS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>CLEMENS FRANEK,<br><br>  Defendant. | Civil Action No. 08-Civ-1313<br><br>Judge Robert M. Dow, Jr.<br><br>*JURY DEMAND* |

**PLAINTIFF JAY FRANCO & SONS, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF**

If there is going to be an oral argument on this motion it is respectfully requested that the undersigned be allowed to appear by telephone.

I. **INTRODUCTION**

Plaintiff Jay Franco & Sons, Inc. ("Franco") hereby opposes Defendant Clemens Franek's ("Franek") "Motion for Leave to File a Sur-Reply Brief" under Local Rule 7.1(d)(6).

Franco is not aware of any Local Rule 7.1(d)(6) in the Northern District of Illinois. However, to the extent that this rule permits sur-reply briefs only when the movant has sufficiently shown there to be new arguments raised in a reply brief; Franco asserts that Franek cannot make this showing.

Contrary to Franek's assertions, there are no new arguments or issues raised in "Plaintiff Jay Franco & Sons, Inc.'s Reply Memorandum in Support of its Motion for Partial Summary Judgment" ("Franco's Reply Brief"), "relating to the burden of proof" or any "new substantive arguments relating to invalidity of the mark at issue."

In addition, Franek asserts that "Franco's reply brief now cites new cases and treatises which were never before cited in any brief to support its arguments that the patents raised by Franco invalidate Franek's trademark." However, there is no rule or requirement that prevents a party from **citing additional case law or treatises** in order to reply to an argument raised by opposing counsel. Accordingly, this assertion by Franek is unavailing and should not be a basis for this Court to grant Franek's leave to file a sur-reply brief.

As will be established below, the arguments in Franco's Reply Brief specifically address and reply to the arguments raised in Franek's Opposition Brief.

II.  **FRANCO'S REPLY BRIEF SPECIFICALLY ADDRESSES AND REPLIES TO THE ARGUMENTS RAISED IN FRANEK'S OPPOSITION BRIEF.**

A side by side comparison of the arguments raised in Franek's Opposition Brief and the responsive arguments in Franco's Reply Brief prove that there are no new issues raised in Franco's Reply Brief that warrant granting Franek's Motion to File a Sur-Reply Brief:

1.  **Franek's First Argument in His Opposition Brief**

    "Franco Has The Burden Of Proving That The Design Of The Round Towel Trademark is Functional"

    **Franco's Responsive Argument in Its Reply Brief**

    "Franek Bears the Burden of Proof"

2.  **Franek's Second Argument in His Opposition Brief**

    "...in order for a prior utility patent to provide evidence of a product design's functionality the product that is thesubject of the trademark must practice, or infringe, the utility patent. *Keystone Mfg. Co. v. Jaccard Corp.*, 2007 U.S. Dist LEXIS 13094 (W.D. N.Y. 2007) at page 7. *See also, Fuji Kogyo Co., Ltd. V. Pac Bay Int'l, Inc.*, 461 F.3d 675, 687-91 (6th Cir. 2007); *Logan Graphic Products, Inc. v. Textus, Inc.*, 2002 U.S.Dist. LEXIS 24547 (N.D. IL 12/23/02). If the product that is the subject of the trademark does not practice the utility patent, then the direct connection between the patent and the product that is the subject of the trademark is absent. *Keystone Mfg. Co.*, at page 7."

    **Franco's Responsive Arguments in Its Reply Brief**

    "The Fuji, Logan, and Keystone Cases Confirm That Franek's Round Towel Mark Is Functional"

3.  **Franek's Third Argument in His Opposition Brief**

    "Franco's motion for partial summary judgment cites to five utility patents to argue that the Defendant's trademarked design is only functional. When analyzing those patents it is important to note that these are not the Defendant's patents. The *TrafFix* decision, and those decisions following *TrafFix*, focus on situations where a patentee's utility patent expires and the patentee then claims protection for the design of the product under a trademark or trade dress theory."

### Franco's Responsive Arguments in Its Reply Brief

"Franco's Asserted Utility Patents Are Presumptive Evidence of the Functionality of Franek's Round Towel Mark Regardless of Whether Franek Ever Owned These Patents or Whether or Not These Patents Were Expired When Franek Filed His Round Towel Mark."

4. ### Franek's Fourth Argument in His Opposition Brief

"Nevertheless, a review of the claims of each patent establishes the 'essential feature' of Defendant's trademark does not practice the "central advance" of the asserted patents."

### Franco's Responsive Arguments in Its Reply Brief

"Contrary to Franek's Assertions, the "Essential Feature" of Franek's Round Towel Mark and the "Central Advance" of Franco's Asserted Utility Patents Are One and the Same."

5. ### Franek's Fifth Argument in His Opposition Brief

"Defendant's beach towel is circular in form. The design of the round beach towel is arbitrary, ornamental and fanciful."

### Franco's Responsive Arguments in Its Reply Brief

"Each of Franco's Asserted Utility Patents Literally Recites in Claims, Discloses in the Specification, and Shows in the Drawings the Functionality of the Identical Round Towel Configuration That Is the Subject of Franek's Round Towel Mark."

6. ### Franek's Sixth Argument in His Opposition Brief

"The Advertising At Issue Does Not Warrant A Finding of Functionality"

### Franco's Responsive Arguments in Its Reply Brief

"Franek's Own Advertisements and Admissions Have Touted the Functionality of His Round Towel Mark."

7. ### Franek's Seventh Argument(s) in His Opposition Brief

"Numerous Alternatives Exist For The Shape of Beach Towels and Therefore Competitors Are Not At A Disadvantage By Being Precluded From Selling Round Beach Towels."

"Moreover, the Trademark Office has accepted Defendant's Section 15 Declaration of Incontestability as is shown in Franco's exhibit 14 page 3. and Franco may not contest that the mark has obtained secondary meaning."

**Franco's Responsive Arguments in Its Reply Brief**

"Because Franek's Round Towel Mark Is Presumptively Functional, Franek's Assertions of the 'Secondary Meaning' of His Round Towel Mark and of Alternative Designs for Beach Towels Are Unavailing."

8. **Franek's Eighth Argument in His Opposition Brief**

"The shape of the round beach towel does not affect the cost or quality of the beach towel, such that a **competitor** would be at a disadvantage if forced to make a beach towel in a non-circular shape." (Emphasis added).

**Franco's Responsive Arguments in Its Reply Brief**

"If only one company is granted a monopoly to make or sell this superior, round shaped towel (having the minimum surface area), it would **stifle competition**. In fact, Judge Cudahy contemplated this exact scenario in *Kohler*: "Other registrations (and monopolies) may follow for triangular beach towels, trapezoidal beach towels or whatever." 12 F.3d at 647. Thus, giving Franek trade dress or trademark protection would provide Franek with an indefinite monopoly on his round beach towel configuration which is functional. "The trademark laws were never intended to allow an indefinite monopoly over functional products." *Specialized*, 472 F.Supp.2d at 1015, *citing Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 164 (1995)."

9. **Franek's Ninth Argument in His Opposition Brief**

"No Right to Copy Exists Because the Asserted Utility Patents Did Not "Invent" The Round Beach Towel And The Round Beach Towel Has Acquired Secondary Meaning."

**Franco's Responsive Arguments in Its Reply Brief**

"When Franco's Asserted Utility Patents Expired, the Round Towel Feature Recited in the Claims of the Patents, That Is the Subject of Franek's Round Towel Mark, Went in to the Public Domain" and therefore can be copied.

10. **Franek's Tenth Argument in His Opposition Brief**

The Declaration of Clemens E. Franek stated that:

"...the surface area of the towel, as opposed to the shape of the towel, would allow one to move their body on the towel as the sun moves across the sky."

**Franco's Responsive Arguments in Its Reply Brief**

"In this case, Franek ignores the undisputable fact that the **round** configuration of a beach towel is also **functional** because it is the "best" or optimum (i.e., most compact and least bulky) shape for a beach towel (of only two or three "superior" designs – round, square, or rectangular shaped) because the round towel uses the **minimum "surface area" to perform the function** of not having to reposition a towel to face the changing angle of the sun as touted by Franek. See Opposition, Clemens Decl., ¶13."

### III.  CONCLUSION

For the above established reasons, there are no new arguments or issues raised in "Plaintiff Jay Franco & Sons, Inc.'s Reply Memorandum in Support of its Motion for Partial Summary Judgment." Accordingly, Franek's "Motion for Leave to File Sur-Reply Brief" should be denied by this Court.

Dated: August 22, 2008

Respectfully submitted,

By: _____
Ezra Sutton
EZRA SUTTON, P.A.
900 Route 9, Suite 201
Woodbridge, New Jersey 07095
(732) 634-3520 - Office
(732) 634-3511 - Fax

Attorney for Plaintiff
Jay Franco & Sons, Inc.